Evan S. Schwartz
Matthew J. Conroy
Maria Campese
SCHWARTZ, CONROY & HACK, P.C.
666 Old Country Road, Ninth Floor
Garden City, New York 11530
Tel: 516-745-1122
ess@schlawpc.com
mjc@schlawpc.com
mac@schlawpc.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EASTPORT UNION FREE SCHOOL DISTRICT, SOUTH MANOR UNION FREE SCHOOL DISTRICT, EASTPORT-SOUTH MANOR CENTRAL HIGH SCHOOL DISTRICT, and EASTPORT-SOUTH MANOR CENTRAL SCHOOL DISTRICT as successor in interest, JOSEPH P. GAGLIANO, PETER C. SCORDO, EDWARD BRODERICK, GARY H. SCHNEIDER, BENEDICT MERENDINO, B. ALLEN MANNELLA, WILLIAM BURGER, BRUCE KRONMAN, CHARLES TESTA, RICHARD SCHMIDT, MARILYN DO RSA, MARION DIENER, NEAL MIRANDA,

   Plaintiffs,

 - against -

TRANSPORTATION INSURANCE COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD successor by merger to TRANSCONTINENTAL INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, CNA FINANCIAL CORP.,

   Defendants.

---

Civil Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, EASTPORT UNION FREE SCHOOL DISTRICT, SOUTH MANOR UNION FREE SCHOOL DISTRICT, EASTPORT-SOUTH MANOR CENTRAL HIGH SCHOOL DISTRICT, and EASTPORT-SOUTH MANOR CENTRAL SCHOOL DISTRICT as successor in interest, JOSEPH P. GAGLIANO, PETER C. SCORDO, EDWARD BRODERICK, GARY H. SCHNEIDER, BENEDICT MERENDINO, B. ALLEN MANNELLA, WILLIAM BURGER, BRUCE KRONMAN, CHARLES TESTA, RICHARD SCHMIDT, MARILYN DO RSA, MARION DIENER, and NEAL MIRANDA, as and for their Complaint against Defendants TRANSPORTATION INSURANCE COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD successor by merger to TRANSCONTINENTAL INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, CNA FINANCIAL CORP., hereby set forth the following:

**THE PARTIES**

1. At all times hereinafter mentioned, Plaintiff, EASTPORT UNION FREE SCHOOL DISTRICT was a New York State public school district created and existing under and by virtue of the law of the State of New York until 2000.

2. At all times hereinafter mentioned, Plaintiff, SOUTH MANOR UNION FREE SCHOOL DISTRICT was a New York State public school district created and existing under and by virtue of the law of the State of New York until 2000.

3. At all times hereinafter mentioned, Plaintiff, EASTPORT SOUTH MANOR CENTRAL SCHOOL DISTRICT is a New York State public school district created and existing under and by virtue of the law of the State of New York in 2000 by the merger of Eastport Union Free School District and South Manor Union Free School District.

4. At all times hereinafter mentioned, Plaintiff, EASTPORT SOUTH MANOR CENTRAL HIGH SCHOOL DISTRICT is a New York State public school district created and existing under and by virtue of the law of the State of New York and operating within the Eastport South Manor Central School District.

5. At all times hereinafter mentioned, Plaintiffs JOSEPH P. GAGLIANO, PETER C. SCORDO, EDWARD BRODERICK, GARY H. SCHNEIDER, BENEDICT MERENDINO, B. ALLEN MANNELLA, WILLIAM BURGER, BRUCE KRONMAN, CHARLES TESTA, RICHARD SCHMIDT, MARILYN DORSA, MARION DIENER and NEAL MIRANDA were or are superintendents, administrators, principals or employees of the Plaintiff school districts and are citizens of the State of New York.

6. Collectively, the Plaintiffs will be referred to as "ESM UFSD" or "Plaintiff".

7. Defendant TRANSPORTATION INSURANCE COMPANY ("Transportation") is a corporation organized and existing under the laws of the State of Illinois and has a principal place of business at CNA Plaza, Chicago, Illinois. Upon information and belief, TRANSPORTATION INSURANCE COMPANY is authorized to transact business in the State of New York.

8. Defendant NATIONAL FIRE INSURANCE CO. OF HARTFORD ("National") is a corporation organized and existing under the laws of the State of Illinois and has a principal place at CNA Plaza, Chicago, Illinois and is the successor by merger to TRANSCONTINENTAL INSURANCE COMPANY ("Transcontinental"). Upon information and belief, NATIONAL FIRE INSURANCE CO. OF HARTFORD is authorized to transact business in the State of New York.

9. Defendant CONTINENTAL CASUALTY COMPANY ("Continental") is a corporation organized and existing under the laws of the State of Illinois and has a principal place of business at CNA Plaza, Chicago, Illinois. Upon information and belief, CONTINENTAL CASUALTY COMPANY is authorized to transact business in the State of New York,

10. Upon information and belief, CNA FINANCIAL CORP is the parent company to Defendants TRANSPORTATION INSURANCE COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD, successor by merger to TRANSCONTINENTAL INSURANCE COMPANY, and CONTINENTAL CASUALTY COMPANY.

11. The Defendants will be collectively referred to as "CNA".

## JURISDICTION AND VENUE

12. Jurisdiction is founded upon 28 U.S.C. § 1332 as there is diversity of citizenship between the parties. The Plaintiffs are school districts organized pursuant to the laws of New York State, and the individual Plaintiffs are citizens of the State of New York. The Defendants are corporations organized and existing under the laws of the State of Illinois and authorized to transact business in the State of New York. The amount in controversy in this dispute exceeds the sum of $75,000.00 exclusive of interest and costs.

13. Venue in the Eastern District of New York is appropriate pursuant to 29 U.S.C. § 1132(e)(2) because the Plaintiff school district ESM UFSD is found in this judicial district.

## COUNT I

### (Breach of Contract)

14. Transcontinental issued a general liability insurance Policy to the Plaintiff bearing Policy Number C1022180630 which was effective for the Policy Period of July 1, 1996 to July 1, 1998.

15. Transportation issued a general liability insurance Policy to the Plaintiff bearing Policy Number C1022180630 which was effective for the Policy Period of July 1, 1998 to July 1, 2000.

16. Continental issued a general liability insurance Policy to the Plaintiff bearing Policy Number C1022180630 which was effective for the Policy Period of July 1, 2000 to July 1, 2002.

17. At all times alleged herein, the Policies were in full force and effect.

18. The Policies contained a six-page Sexual Abuse and Molestation ("SAM") coverage endorsement.

19. In or about September 2019, the Plaintiffs plus Charles Regan were named as Defendants in a civil complaint brought in the United States District Court, Eastern District of New York captioned *Jane Coe, a pseudonym vs. Charles Regan*, et al. 2:19-cv-05327(ENV)(JO) ("the Complaint").

20. The suit alleges that during the years from September 1997 to June 2002, while Charles Regan was a Special Education teacher and girls' basketball coach in

5

Defendant South Manor Union Free School District, he engaged in sexual assault, battery and sexual abuse of the Plaintiff.

21. The suit alleges fifteen causes of action: Negligent Failure to Investigate and Supervise, Sexual Abuse and Harassment, Sexual Assault, Sexual Battery, Sexual Abuse and Harassment of Plaintiff, Sexual Assault of the Plaintiff, Sexual Battery of the Plaintiff, Violation of Title IX 20 U.S.C. §1681 (*et seq*.), Civil Rights Violation of 42 USC §1983, Intentional Infliction of Extreme Emotional Distress, Prima Facie Tort, Breach of Fiduciary Duties, and Negligent Hiring and Retention.

22. On or about September 30, 2019, the Defendants forwarded the Complaint to CNA, and otherwise provided proper proof of loss, and complied with the Policy's terms and conditions.

23. On or about October 29, 2019, CNA issued its coverage determination wrongfully disclaiming coverage.

24. CNA's refusal to acknowledge coverage under the Sexual Abuse and Molestation ("SAM") coverage endorsement of the Policy is a willful and wrongful breach of the Policy terms and conditions.

25. Due to the foregoing breach, Plaintiff has sustained damages in an amount to be determined by the trier of fact after trial, but not less than $75,000.00, together with interest thereon from the dates of the loss, plus consequential damages.

## **SECOND CAUSE OF ACTION**
**(Against Defendants for Declaratory Judgment)**

26. Plaintiffs repeat and reiterate the allegations contained in Paragraphs "1" through "25" above.

27. Defendants issued general liability policies to the Plaintiffs which were effective for the Policy Period of July 1, 1996 to July 1, 1998, July 1, 1998 to July 1, 2000 and July 1, 2000 to July 1, 2002.

28. At all times hereinafter mentioned, the Policies was issued for the benefit of the Plaintiffs in exchange for the payment of premiums by the Plaintiffs.

29. Upon information and belief, at all times alleged herein, the Policies were in full force and effect.

30. The Plaintiffs tendered the complaint to the Defendants for defense and indemnification.

31. The Defendants wrongfully disclaimed coverage for defense and indemnification.

32. The Defendants' refusal to acknowledge coverage under the policy is a not supported by the facts or the terms and conditions of the policies and is a breach of their obligations under the contract.

33. Plaintiffs seek a declaratory judgment that Plaintiffs are entitled to defense and indemnification under the policies.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues

**WHEREFORE,** Plaintiffs EASTPORT UNION FREE SCHOOL DISTRICT, SOUTH MANOR UNION FREE SCHOOL DISTRICT, EASTPORT-SOUTH MANOR CENTRAL HIGH SCHOOL DISTRICT, and EASTPORT-SOUTH MANOR CENTRAL SCHOOL DISTRICT as successor in interest, JOSEPH P. GAGLIANO, PETER C. SCORDO, EDWARD BRODERICK, GARY H. SCHNEIDER, BENEDICT MERENDINO, B. ALLEN MANNELLA, WILLIAM BURGER, BRUCE KRONMAN, CHARLES TESTA, RICHARD SCHMIDT, MARILYN DO RSA, MARION DIENER, and NEAL MIRANDA demand judgment against Defendants TRANSPORTATION INSURANCE COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD successor by merger to TRANSCONTINENTAL INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, CNA FINANCIAL CORP., in their favor:

A. On the First Cause of Action, for breach of contract, damages in an amount to be determined at trial, together with interest thereon;

B. On the Second Cause of Action for a Declaratory Judgment that the Plaintiffs are entitled to defense and indemnification under the policies related to the suit brought by Jane Coe.

C. The costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
     May 27, 2020

                                SCHWARTZ, CONROY & HACK, PC

                    By:     */s/Evan S. Schwartz*
                            Evan S. Schwartz
                            Matthew J. Conroy
                            Maria Campese
                            Schwartz, Conroy & Hack, P.C.
                            666 Old Country Road - Ninth Floor
                            Garden City, New York 11530
                            (516) 745-1122
                            *Attorneys for Plaintiffs*